

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**KRISTINA L. MORTENSEN**

**Plaintiff,**

v.   CIVIL ACTION NO.: 4:19-cv-00038-RAJ-RJK

**SEAWORLD PARKS & ENTERTAINMENT LLC**

**Defendant.**

## *MEMORANDUM OPINION AND ORDER*

The matter currently before the Court is SeaWorld Parks & Entertainment LLC's ("Defendant") Motion to Dismiss and the accompanying Memorandum in Support. ECF No. 13 & 14. For the reasons set forth below, the Motion is **GRANTED**.

## I. FACTUAL AND PROCEDURAL HISTORY

On April 18, 2019, Kristina L. Mortensen's ("Plaintiff") action was properly removed by Defendant and assigned to this Court. On May 2, 2019, the Magistrate Judge issued a Pretrial Order, pursuant to Fed. R. Civ. P. 26(f), which ordered a conference between the parties and a Scheduling Conference consistent with Fed. R. Civ. P. 16(b). ECF No. 8. On May 22, 2019, this Court issued a Scheduling Order, pursuant to Fed. R. Civ. P. 16(b). ECF No. 9. The scheduling order provided that Plaintiff's discovery obligations were to be completed by August 28, 2019. *Id.*

Defendant sent its first set of interrogatories and requests for production to Plaintiff's counsel on May 15, 2019. ECF No. 14-A. Plaintiff's counsel spoke with Plaintiff on May 21, 2019 and advised them that she had completed her responses to the Defendant's interrogatories, which were due back to Defendant on June 17, 2019. ECF No. 11. However, Plaintiff never

responded to her counsel with her responses to Defendant's interrogatories, despite her counsel's attempts to reach her on May 23, May 31, June 1, June 4, June 5, and June 10 of 2019. *Id.* On June 19, 2019, Plaintiff's counsel moved to withdraw pursuant to Fed. R. Civ. P. 83.1(c)(5). ECF No. 10. In moving to withdraw, Plaintiff's counsel represents to this Court that Plaintiff has not responded to their attempts to communicate with Plaintiff since their conversation regarding Defendant's interrogatories on May 21, 2019. ECF No. 11. After receiving no responses to any of its discovery requests, Defendant filed its Motion to Dismiss on August 6, 2019. ECF No. 13.

## II. LEGAL STANDARD

Rule 41(b), the relevant provision of the Federal Rules of Civil Procedure for this matter, dictates that:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

As the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") holds, "[t]he district court had authority under Rule 41(b) to dismiss the case with prejudice, on its own motion, for failure to prosecute." *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (citations omitted). However, "[a] dismissal with prejudice is a harsh sanction which should not be invoked lightly in view of 'the sound public policy of deciding cases on their merits.'" *Id.* With this in mind, the Fourth Circuit has set out a series of factors to govern a district court decision making under Rule 41(b):

> [T]he district court must balance considerations of sound judicial administration, applying four criteria: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.

*Id.* As such, this Court must apply the factors in *Davis v. Williams* (the "Davis Factors") to determine whether dismissing the Plaintiff's suit with prejudice is warranted under the circumstances.

## III. DISCUSSION

With respect to Factor One, it is clear that Plaintiff is responsible for her failure to prosecute her case before the Court. Plaintiff has failed to respond to any discovery requests in violation of the Court's orders. In addition, the Plaintiff has failed to communicate with her counsel since May 21, 2019, despite their repeated efforts to assist her with discovery. ECF No. 11. Before seeking to withdraw from representing Plaintiff, Plaintiff's counsel attempted to reach her through multiple channels, including certified mail verifying her receipt of their overtures. *Id.* Plaintiff's conduct indicates she seeks to simply remove herself from the case and does not wish to be burdened by discovery, an essential duty and responsibility of a plaintiff in both civil and criminal cases. *See Shabazz v. PYA Monarch, LLC*, 271 F. Supp. 2d 797, 801 (E.D. Va. 2003) ("Furthermore, plaintiff has offered no reason for failing to comply with the Federal Rules of Civil Procedure and Local Rules in other aspects of the case thus far, such as filing memoranda of law with his motions and responding to discovery requests on time. The plaintiff's failure to comply with these rules is completely inexcusable."). Therefore, the Court concludes this factor weighs heavily in favor of the Defendant's Motion to Dismiss.

With respect to Factor Two, while the Court recognizes that discovery burdens are a normal aspect of a lawsuit in federal court, the Plaintiff's complete failure to participate in the discovery process has created substantial prejudice to the Defendant. The Court's May 22, 2019 Scheduling Order provided that Plaintiff's responses to Defendant's interrogatories, requests for production, and requests for admission were to be completed by August 28, 2019. ECF No. 9.

At the end of the Plaintiff's period to fulfill her discovery obligations prescribed by this Court, Defendant is left only with legal objections from Plaintiff's counsel to their interrogatories and no further discovery information. ECF No. 14-2. The Plaintiff's unwillingness to participate in discovery is depriving Defendant of information necessary to mount a defense to the claims against them, substantially prejudicing them. Therefore, Factor Two weighs heavily in favor of the Defendant's Motion.

With respect to Factor Three, Plaintiff's pattern of disengagement with her own counsel during discovery indicates a history of deliberately delaying the prosecution of her case. Plaintiff's counsel has made repeated attempts to engage with her regarding discovery after the Court's Scheduling Order. ECF No. 11. Despite six attempts to reach Plaintiff via phone, email, and certified mail between May 22, 2019 and June 10, 2019, Plaintiff has not responded. Therefore, Plaintiff's conduct indicates an intent to withdraw from litigating her case or delaying its prosecution. Factor Three weights in favor of Defendant's Motion.

For the same reasons listed above, the Court finds Factor Four weighs in favor of Defendant's motion, given Plaintiff's disengagement with her counsel and nonparticipation in discovery. The Court finds that a modification to the Scheduling Order would not incentivize Plaintiff to reengage in the prosecution of her case and serve only to create further delay. Moreover, the Court has considered the alternative remedy of issuing a show cause order to compel Plaintiff to participate in discovery. However, the Court concludes this would be an ineffective and useless remedy because Plaintiff has not answered any communications from her own counsel and has abandoned any effort to participate in discovery or prosecute her case. Additionally, Plaintiff has failed to respond to Defendant's Motion to Dismiss indicating an acquiescence to dismissal. Therefore, Factor Four weighs in favor of Defendant's Motion.

## IV. CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss (ECF No. 13), pursuant to Fed. R. Civ. P. 41(b) is **GRANTED** and Plaintiff's suit is **DISMISSED WITH PREJUDICE**.

The Clerk is **DIRECTED** to send a copy of this Order to counsel and parties of record.

**IT IS SO ORDERED.**

Norfolk, Virginia
September 10, 2019

Raymond A. Jackson
United States District Judge